STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ROBERT TANGELDER, Defendant-Appellant.
No. 28921
Court of Appeals of Hawaii.
September 15, 2008.
On the briefs:
John M. Tonaki, Public Defender, Christian Enright, Deputy Public Defender, (Office of the Public Defender) for Defendant-Appellant.
Craig A. De Costa, Prosecuting Attorney, Tracy Murakami, Justin F. Kollar, Deputy Prosecuting Attorneys, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA and LEONARD, JJ.
Defendant-Appellant Robert Tangelder (Tangelder) appeals from the Judgment filed on September 18, 2007, in the Family Court of the Fifth Circuit (Family Court)[1] Tangelder was found guilty of violating a temporary restraining order (TRO).
On appeal, Tangelder contends that "substantial evidence was not presented by the State at trial to support the conclusion that Mr. Tangelder intentionally and knowingly engaged in conduct that was in violation of the TRO." Tangelder states: "The critical issue is whether there was sufficient evidence to establish that the telephone communication by Mr. Tangelder occurred after service of the TRO."
The TRO, which became effective on February 7, 2007,[2] prohibited Tangelder from contacting the Complaining Witness (CW). CW testified at trial that, on February 9, 2007, she received numerous calls from Tangelder on her cell phone and at her workplace phone number. A co-worker of CW's also testified that she knew Tangelder from high school and, as the receptionist, she would field calls from Tangelder to CW. On direct examination, the co-worker testified that, at CW's request, she answered CW's cell phone on February 9, 2007. Tangelder was the caller. The co-worker told him to stop calling CW; Tangelder said he wanted CW to pick up her stuff. Although on cross-examination the co-worker admitted that she was unsure of the exact date, CW testified unequivocally that she had asked the co-worker to answer her cell phone for her on February 9, 2007. CW also testified that Tangelder drove by her house repeatedly that evening and he also made telephone calls to her at that time. Tangelder denied calling CW or driving by the house on February 9, 2007.
The Family Court apparently found CW's testimony, in conjunction with the testimony of the co-worker, to be more credible than Tangelder's testimony. Tangelder was found guilty of violating the TRO based on the telephone calls.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tangelder's point of error as follows:
There was substantial evidence to support a finding that Tangelder called CW on February 9, 2007, in violation of the TRO. CW had been in a dating relationship with Tangelder for about two years, and her testimony that she recognized Tangelder's telephone number on her caller ID on February 9, 2007, along with the supporting testimony of CW's co-worker that Tangelder called CW's cell phone, was credible evidence of sufficient quality and probative value to enable a person of reasonable caution to conclude that Tangelder violated the TRO. This court will not pass upon issues dependent on the credibility of the witnesses and the weight given to their respective testimony. See State v. Mattiello, 90 Hawaii 255, 259, 978 P.2d 693, 697 (1999).
Therefore, the Family Court's September 18, 2007 Judgment is affirmed.
NOTES
[1] The Honorable Calvin K. Murashige presided.
[2] Tangelder testified that he was served with the TRO on February 7, 2007.